UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARNELL MISSOURI, # 389199,

        Petitioner,

v.                                    Case Number: 08-CV-11660

THOMAS BIRKETT,

        Respondent.
                                   /

**OPINION AND ORDER**
**(1) DENYING PETITIONER'S "MOTION FOR CERTIFICATE OF APPEALABILITY"**
**AS MOOT, AND (2) GRANTING "MOTION TO WAIVE FEES AND COSTS"**

This is a habeas case filed under 28 U.S.C. § 2254. Pending before the court are Petitioner Darnell Missouri's "Motion to Waive Fees and Costs," which the court construes as an application for leave to proceed on appeal in forma pauperis, and "Motion for Certificate of Appealability (COA)." Petitioner filed those motions in regard to the court's denial of his "Motion to Reopen the Time to File an Appeal," order dated January 24, 2011. For the reasons stated below, the court will deny the motion for a COA but will grant the application for leave to proceed on appeal in forma pauperis.

**I. BACKGROUND**

On April 18, 2008, Petitioner filed a *pro se* habeas petition, challenging his convictions for assault with intent to murder, first-degree home invasion, discharge of a firearm at a dwelling, felony firearm, and malicious destruction of a building. The petition was denied with prejudice on October 29, 2009, and a separate judgment was entered in accordance with the federal rules. Fed. R. Civ. P. 58(a). A copy of the order

and judgment was served on Petitioner by U.S. mail and proof of service was noted by the clerk on the order denying relief. In its opinion and order, the court also declined to issue Petitioner a certificate of appealability.

Subsequently, fourteen months later, on December 30, 2010, Petitioner filed a "Motion to Reopen the Time to File an Appeal," which the court denied. In its order, the court stated:

> Petitioner asserts he never received notice of the judgment. Even so, the appeal period cannot be reopened because the 180-day period has passed and, consequently, the court is without authority to reopen the appeal period. Rule 4(a)(6)(B)'s 180-day limit is an outer time limit. See Advisory Committee Notes 1967 Adoption. That is, after 180 days has passed the district court can no longer reopen the time to appeal. See 28 U.S.C. § 2107 (discussing the time limits employed by Rule 4(a)(6)(B) and noting "whichever is earlier" applies); Advisory Committee Notes 2005 Amendments ("[A]n appeal cannot be brought more than 180 days after entry, no matter what the circumstances."); see also *Coger v. Davis*, No. 06-14039-BC, 2010 WL 1417835, at *1 (E.D. Mich. Apr. 5, 2010) (denying motion to reopen the time to file an appeal).
>
> Here, the 180-day period expired on April 27, 2010. Petitioner filed this motion almost eight months after entry of the judgment. Petitioner's motion to reopen must therefore be denied.

*Missouri v. Birkett*, No. 08-CV-11660, at 3 (E.D. Mich. Jan. 24, 2011).

Petitioner is now asking the court to issue a certificate of appealability regarding that decision.

## II. DISCUSSION

Title 28 U.S.C. § 2253 states in pertinent part:

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

>    (A) the final order in a habeas corpus proceeding in which
>    the detention complained of arises out of process issues by
>    a State court; or

(B) the final order in a proceeding under section 2255.

With that standard in mind, the court concludes that Petitioner is not required to obtain the court's permission to appeal its decision denying Petitioner's motion to reopen the time to file an appeal. The final order in this case was issued on October 29, 2009, and Petitioner does not need a COA to appeal post-judgment orders. The motion is therefore denied as moot.

Petitioner also seeks leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24(a)(1). An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). The court cannot certify that the appeal is not taken in good faith. The court will therefore allow Petitioner to proceed *in forma pauperis* on appeal.

### III.  CONCLUSION

IT IS ORDERED that Petitioner's "Motion for Certificate of Appealability" [Dkt. # 25] is DENIED as moot.

IT IS FURTHER ORDERED that the "Motion to Waive Fees and Costs" [Dkt. # 24] is GRANTED.

                                            s/Robert H. Cleland
                                            ROBERT H. CLELAND
                                            UNITED STATES DISTRICT JUDGE

Dated:  March 11, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 11, 2011, by electronic and/or ordinary mail.

                                            s/Lisa Wagner
                                            Case Manager and Deputy Clerk
                                            (313) 234-5522