UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARNELL MISSOURI,

    Petitioner,

v.                                           Case Number: 2:08-cv-11660

THOMAS BIRKETT,

    Respondent.
_____/

**OPINION AND ORDER DENYING
PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT AND DECLINING TO
ISSUE A CERTIFICATE OF APPEALABILITY**

This matter is pending before the court on Petitioner Darnell Missouri's motion for relief from judgment, filed on January 6, 2012. On April 18, 2008, Petitioner filed a petition for a writ of habeas corpus challenging his 2003 convictions and sentences for assault with intent to murder, first-degree home invasion, discharge of a firearm at a dwelling, felony firearm, and malicious destruction of a building, which occurred in Wayne County Circuit Court. On October 29, 2009, the court denied the petition and declined to issue Petitioner a certificate of appealability. *Missouri v. Birkett*, No. 08-CV-11660, 2009 WL 3625392 (E.D. Mich. Oct. 29, 2009). Petitioner did not appeal that decision to the United States Court of Appeals for the Sixth Circuit.

Rather, fourteen months later, on December 30, 2010, Petitioner filed a motion to reopen the time to file an appeal with this court, stating that he never received notification that his habeas petition was denied. The court denied the motion on January 24, 2011, because the motion was untimely; more than 180 days had

passed since the entry of judgment. *Missouri v. Birkett*, No. 08-CV-11660 (E.D. Mich. Jan. 24, 2011).

Subsequently, on February 24, 2011, Petitioner filed a motion for a certificate of appealability, concerning the court's denial of his motion to reopen the time to file an appeal, which the court denied as moot because Petitioner was not required to obtain the court's permission to appeal that decision. *Missouri v. Birkett*, No. 08-CV-11660, 2011 WL 886068 (E.D. Mich. Mar. 11, 2011). Petitioner then filed a motion for certificate of appealability with the Sixth Circuit Court of Appeals.

On July 29, 2011, the Sixth Circuit denied Petitioner's motion for a certificate of appealability, finding that "[r]easonable jurists could not debate the district court's procedural assessment of Missouri's 'Motion to Reopen the Time to File an Appeal.'" *Missouri v. Woods*, No. 11-1230, at 2 (6th Cir. July 29, 2011). The Sixth Circuit also found that Petitioner failed to present new reliable evidence demonstrating his actual innocence and also denied his motion for certificate of appealability in that regard. *Id.* at 3.

Petitioner has now filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6), arguing that the equitable tolling principles should apply to his motion to reopen the time in which to file an appeal, because he never received a copy of the court's order denying his habeas petition and thus was unable to file a timely appeal with the Sixth Circuit.

Rule 60(b) permits federal courts to relieve a party from a final judgment for certain specified reasons and for "any other reason that justifies relief." Fed. R. Civ. P.

2

60(b)(6). The rule applies to habeas-corpus proceedings, but a movant seeking relief under Rule 60(b)(6) is required "to show 'extraordinary circumstances' justifying the reopening of a final judgment. Such circumstances will rarely occur in the habeas context." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (citations omitted).

Although Rule 60(b) does not prescribe a specific time frame for the filing of a motion under subsection (6), it requires that such a motion be made within "a reasonable time." Fed. R. Civ. P. 60(b); *see also Conner v. Attorney General*, 96 F. App'x 990, 992 (6th Cir. 2004) (same). The bounds of reasonable time "ordinarily depends on the facts of the given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). A district court has broad discretion in deciding such matters, but that discretion is circumscribed by public policy favoring finality of judgments and termination of litigation. *See Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992).

First, the court finds that Petitioner is not entitled to relief from judgment pursuant to Rule 60(b)(6) because he did not act within a reasonable time in bringing his motion for relief from judgment following the court's denial of his motion to reopen the time to file an appeal. Eleven months had passed since the court's decision and Petitioner filing this motion. The court finds the delay unreasonable.

Second, the Court of Appeals for the Sixth Circuit stated in its order denying Petitioner's motion for a certificate of appealability that reasonable jurists would not debate this court's ruling denying Petitioner's motion to reopen the time to file an appeal

3

as untimely. *Missouri*, No. 11-1230, at 2. Since the Sixth Circuit has already ruled that Petitioner is not entitled to a certificate of appealability with respect to reopening his time in which to file an appeal, the court concludes that his like request in his motion for relief from judgment is without merit. Accordingly, the motion for relief from judgment will be denied.

The remaining question is whether a certificate of appealability should issue, because a certificate of appealability is necessary to appeal the denial of a Rule 60(b) motion for relief from judgment. *Johnson v. Bell*, 605 F.3d 333, 336 (6th Cir. 2010) (citing *United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007)).

Following the United States Supreme Court's formulation in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the Second Circuit Court of Appeals has articulated the standard for issuing a certificate of appealability in the context of the denial of a Rule 60(b) motion:

> [A] COA should issue only if the petitioner shows that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right.

*Carr v. Warren*, 05-CV-73763, 2010 WL 2868421, at *2. (E. D. Mich. July 21, 2010) (Zatkoff, J.) (citing *Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001)).

The court concludes that Petitioner is not entitled to a certificate of appealability from the denial of his motion for relief from judgment; he has failed to demonstrate that jurists of reason would find it debatable that the court abused its discretion in the

4

denying the motion. The court therefore declines to issue Petitioner a certificate of appealability.  Accordingly,

IT IS ORDERED that Petitioner's motion for relief from judgment [Dkt. # 35] is DENIED and the court DECLINES to issue a certificate of appealability.


 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  March 15, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 15, 2012, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522